Board of Health *vs.* Stewart.

*A. & W. Voorhies* for Relator. Respondent *in pp*.

In a suit in the Fifth Court of New Orleans, entitled "The State ex rel. W. F. Blackman *v.* the Secretary of State," a judgment was rendered directing the Secretary, "to compile the ballots and votes returned by the commissioners of Grant Parish, Ward No. 2, as counted under the orders of the Parish Court of that parish, and to include the same in his official declaration and promulgation of the vote cast for district judge of the twelfth judicial district as shewing the *prima facie* result of said election." Aristide Barbin, alleging his interest, took a suspensive appeal from that judgment, and also applied for a writ prohibiting the Secretary from executing that judgment pending his appeal.

MANNING, C. J., delivered the opinion, granting the writ.

—————————————

No. 6347.

BOARD OF HEALTH OF THE STATE vs. WIDOW SAMUEL STEWART.

The Board of Health of this State was created by law, and its powers and duties are defined by the Revised Statutes, secs. 3032–3063 inclusive.

APPEAL from a Justice of the Peace of New Orleans.

The defendant had been condemned to abate a nuisance at the instance of the Board of Health, and failing or neglecting to obey, was sued for the penalty and judgment was rendered against her. She appeals, relying on the alleged unconstitutionality of the law creating the Board — that the Act of 1855 entitled "An Act to establish a quarantine," and the Act of 1870 amendatory thereof, do not express their object in their titles.

WHITE, J. Should we grant the correctness of the appellant's position, the case is still with the plaintiff.

The powers and duties of the Board of Health, irrespective of the Acts of 1855 and 1870, are to be found in the Revised Statutes, secs. 3032–3063 inclusive. The contents of these various sections are

covered by a title which in terms provides for the creation of a Board of Health.

*Judgment affirmed.*